Okay. You may proceed. May it please the Court, Your Honors. I submit that the essence of this case can probably be found best in looking at the letter that was sent over to the Court by defendant on the 13th and our response on the 14th. It's our position that applying the doctrines of preclusion and abatement, not abatement, preclusion is more harsh than even a summary judgment because you have no due process review of the lower decision of the court. In this case, we have a city court that lacks jurisdiction. But your client could have appealed the adverse ruling in the state court, right? No. Why not? Because it's a violation. In fact, when we tried to appeal, as the counsel pointed out on the other side, everybody was a little bit confused. We thought we had a case out of justice court, a county court, and it wasn't. It was a civil court. And it turned out there wasn't even a proceeding yet. They didn't have a process for having a civil case going up from a violation in the other court, in the circuit court. And so, in fact, just last week we had another one brought up on a different issue. And they finally found they didn't have a process to even get it up there. I thought your opponent cited a pretty clear statutory authority that said you can take an appeal. I can't remember to what body you appeal, but I thought there was definitely further review. Yeah. In the appeal, if we had done it, it wouldn't have been of any use anyway because the issue would be does the lower court or, in this case, does the municipal court, sitting there and deciding its own issues and getting preclusion and preemption, do they have the authority to do so in the first place? And they don't. They don't have a civil right authority. Oh, but just a minute. We're not talking about civil right authority. If you listen very carefully to what Judge Watford's asking you, he's saying that what happened in this particular case, you were suggesting, you agreed you may have, or you agreed for your client or somebody agreed that, yeah, we might have done this, but it was unfairly, it was discriminatory enforcement, so the lower court had to determine whether it was discriminatory enforcement or not. And the lower court, looking very tough at it, says it wasn't discriminatory. Now you want to come to this court and say it's discriminatory when you had the chance to talk about it in the lower court, and that's what Judge Watford's asking you about. You're the one who said your defense was discriminatory enforcement. You gave that to the judge. He said or she said it isn't right. There was no discriminatory enforcement. Your next appeal was to the next court up to say that judge doesn't know what the devil they're talking about. Actually, you don't have a writ of review power or authority. Well, again, I guess I'm having a tough time. I read the same stuff that Judge Watford did, and it seems to me the statute's pretty clear. You do have a review. The review would have found at best that they didn't have, our position would be they did, the city court does not have the authority to make a determination on a discrimination matter, civil rights matter. Wait a minute. If the city didn't have the authority to make that determination, make that to the court up above. You're the one who brought up that it was discriminatory as to how the effect would happen, and you got ruled against. Now you go up to the, well, you did too. The court said you got to pay. See, I think there's a misunderstanding how that got there in the first place. The city court does not have the, the municipal court, the municipal court judge, does not have the authority to make a determination about a civil rights claim, whether it's discriminatory or not. They had a right to levy a fine. Why did you allege it then? And they, what they did. Why did you allege it then? I alleged it because that was the whole issue of the case. They said that he was in violation of the city law, and we said, no, he wasn't, because they had, they gave another person a different, a set of circumstances that they never enforced at all, and they only enforced it against our guy. And if you read my brief and all the information we have, they discriminated clearly. And the city said, counselors and so on said, go out and make an exception for Mr. Green. Mr. Green has indicated he never did anything. They just came to him, and that's what the evidence shows. So that was not an issue they needed to determine. They raised the issue that my client should be fined. We said, well, no, he shouldn't be fined because he was doing the same thing as the other person, and you should treat him the same as anyone else. That doesn't make them, give them the authority to make that determination. Now, the federal court did a preclusion. What's your best authority for the idea you've now said to me two or three times that that court has no authority to make the determination they made? All right. The first one is, is the federal court. Not in the federal court. No, okay. It says ORS 43-130 and 43-160. It says that a judgment for a violation, that's what this is, a violation they found in the city court proceeding, or the fact that a violation proceeding has been brought against the defendant may not be used for the purpose of jurisdiction or equitable estoppel or be admitted as evidence in any civil proceeding. So it would not be preclusive, as Judge Coffin had found, because they have no authority to do that. And then you look at ORS 51-035 and 90.0110, which I cite, and the Justice Court for the District shall, all they've got is the right to levy a fine. They don't have any civil rights determination. They don't have any rights to determine or preclude whether there was a discriminatory act. We argued that we shouldn't be fined the huge amount of money that they were trying to fine him for only because he had been treated differently. That is not a – under the statutes I just cited, Your Honors, that's not a basis to exclude or preclude his right to a review. In fact, if you were going to – in fact, because this is a – preclusion is a very limited application. In fact, there's a Sprint v. – I cite it as Sprint. It's a new stuff in response to the defendant. The Sprint case, which was before the Supreme Court of the United States in 2013 indicates that it should be strictly construed only in those cases – applied only in those cases which are involved with state claims. There is no state claim here. There's no state – this is not the state, it's the city, and there is no state issue at all. There's not a state issue. That's not even an issue they could determine. If you had been successful in making out your defense of discriminatory enforcement in the city – is it called the city court? Is that the thing? Yeah, city court. City court. Municipal. Okay, but if you had been successful in making out that defense, I assume that the fine could not have been levied against your claim. Right, we're not – that's true, but we're not concerned about the fines. What we're concerned about is they confiscated his property. Right, but I think what you're missing in this whole case, for reasons I don't understand, is that if you tender an issue, an issue to a court, and you have a full and fair opportunity to litigate that issue, and it gets resolved against you, even though you're bringing a totally different lawsuit involving totally different claims, you can still be bound under certain circumstances by the adverse resolution of that issue. Right, but by state law itself, we are not bound. It says their determination – You did not raise any of that in the district court. So why have you not forfeited that basis for – Well, we did. We said they didn't have – You did not raise any of the statutes that your opponents have cited. No, we said that, Your Honor, what we said was they had no authority to make that determination, which they did. Right, you said there was no jurisdiction to – To make that determination. No, no. Not for a federal basis. Yeah, okay. All right. But if the court – I mean, I just disagree with you on that. The court had jurisdiction to resolve the fine, to dispute the fine. They did. They did, but that finding – And in the course of doing that, the court resolved against you the core issue of your federal claim. No, because they don't have – I don't think Your Honors have seen the latest material that says the State doesn't have the authority. I have, and what I'm telling you is that you did not cite those provisions in the district court. So you forfeited whatever defense you might have had to issue preclusions. It seems to me you forfeited that by not raising the claim. But you can't argue it on appeals, what you're saying. That's what I'm putting to you, and I want to hear what is your response. Oh, my response to that is, is nonetheless, the court has had that brought to them by the defense, and it is an important issue. And therefore, it should be applied, because was it a State – in other words, is this something that preemption should apply to because it's a State right or a material State, an important State issue? It was not. It was a circuit of a municipal court that decided what we'll do is we'll preempt their right to do anything by making determination. And we argued they didn't have the statutory authority to do that. And the statutory provisions that were even raised by the defense points out that that is not to be used for the purpose of collateral estoppel or to be admitted in evidence in any civil proceeding. And so that would include the federal court. And then you look at the narrow application of the doctrine that was set forth in the Supreme Court in the Sprint case, and then you look at – and then we also gave a brief, a supplementary brief that talks about – and we have two issues here. You have irreparable harm that should be looked at, because here you have a city court that says, oh, we're going to, say, theoretically discriminate. Well, that's not our issue before the city court. But what they did is they said, well, we're going to punish you for filing that federal claim, and we're going to preempt you. In fact, we're pretty smart attorneys down there, and so we're going to try and fine you. And if you raise the defense to the fine, and even in that proceeding, the civil judge says, hey, I'm not going to hear all this. I can't even decide this issue. He was saying, I can't decide a civil rights issue. He says that. And then he – Well, but he could decide the discriminatory enforcement issue, right? Right. Right. And so they could enforce it, but it's not – by state statute, there's not a state issue there, because they're saying it's not preempted by statute. They don't have the authority to do that. It doesn't do what Judge Coffman thought it did. And then it goes one step further. Can I take you to another thing, because I think I understand your argument here. It seems to me that you claim some kind of discriminatory effect. One of the issues on the discrimination has to do with one particular party, and that particular party was the one which was in front of the justice of the justice court, if you will. Where do we mention the Belfry claim? Oh, I mentioned that in there just as another example of – Well, it isn't in your opening brief, and so therefore I don't understand why – Oh, I understand. I'm trying to figure out if it's not mentioned in your opening brief, and as far as I can say, I looked into the state court findings, and it wasn't discussed in the magistrate judge's findings. It all focuses on Richards. It was never considered there. We use – I can explain it, Your Honor. That was part of our argument in the lower court. We pointed out to the – You're talking the district court. Yeah. Well, why didn't you go talk to it in the state court findings? We did. Okay. No, you didn't. There's nothing. Well, there were no findings. We used that as another example. Okay, so you mentioned – If they were discriminatory, they gave them exceptions, too. We just mentioned that in passing. Okay, so you mentioned it in passing. Then you came to the district court, and it seems like you mentioned it, more than mentioned it. But then when you came up here on appeal, you didn't put it in your brief. Why not? Because the major issue seemed to be that the judge in the lower court had said, that is, the federal court had said that we were preempted and precluded from even making any argument whatsoever because it was a matter already decided. That ruling was obviously in error because under state law that we now cited, even by the other side, there was no preclusion based upon that. So what we have is, like in the brief where you limit, there is no compelling state issue here. It's a city court, and there's no state issue there at all because the state laws come to the contrary. And then you look at that great brief from Harvard Law School that I cited, and in response to the defense, and you have one of the things where you have the possibility that you have irreparable damage, and you can't review it. And like I said, those attorneys were smart enough to say, hey, we're just going to take this up in court, and we're going to say it's preempted. It shouldn't have been preempted in the first place, but if the court had been made aware, that is, the federal court had been made aware, that that statute was there, maybe they wouldn't have, I don't know. But you can see the record. It just was determined that it was all preempted. And then you look. So one of the bases is that you have to have a state issue that's impelling, and they don't have one, so it shouldn't have been preempted or shouldn't have Rooker abstention. And then you've got under on page 2296 of the Harvard brief, it says the irreparable harm, no due process at all, is something that needs to be addressed. The municipal court can continue to do that, and you never get review. Let me stop you, because you've well exceeded your time. We will give you some time to respond. You're about five minutes over your time. Oh, I'm sorry. I didn't notice. That's okay. We'll give you some time to respond. Let's hear from now. Are you all going to divide the argument? Okay. You are five and four. Okay. You are six and four. Okay. Six and four. Six and four. Okay. All right. So you're representing the city and the other folks? Yes, Your Honor. Sarah Henderson, on behalf of the City of Sisters and nearly all of the individual named defendants, Mr. Andrew Goriab is represented by my colleague, Mr. Hood. Very good. So there are countless directions I could go with this. There's a lot of big, big questions about the doctrines that have been applied here. But since I have very limited time, I'd like to address the overarching proposition that Mr. Glass has made, that this entire appeal essentially is predicated on it, and that is that the decision by the state court tribunal underlying this case is void for one reason or another, namely for lack of subject matter jurisdiction. This is both false, as is clear on the record and in the briefing. It's also not relevant to this stage. The appellant's—the state court clearly had jurisdiction over the code enforcement proceeding below. The appellant is incorrect that the City of Sisters did not otherwise have a municipal court or have jurisdiction to hear this case. In fact, I believe in the appellant's opening brief, he discusses the fact that the justice of the peace for the Deschutes County Justice Court was actually not sitting as a justice of the peace. He was sitting by—pursuant to an intergovernmental agreement as the municipal judge for the City of Sisters. So we have to look to something that we've cited in our supplemental excerpt of record at the very beginning, that the City of Sisters has created a municipal court and has created the office of municipal judge. They've simply contracted that to a county justice of the peace because it is literally a tiny community. Can I ask a more fundamental question? Maybe I'm missing it, but I'm focused on whether for issue preclusion, whether the issues were the same. There is this finding that—or determination. I don't even know if it's a finding that the city did not believe— Is that the only basis you're relying on to say that the 1983 actions have already been decided? Or that—I shouldn't say the 1983 actions, but the facts underlying the 1983 actions have already been decided in the state court? Partially, Your Honor. So there's actually a couple. We are focusing largely on collateral estoppel here, not claim preclusion, because of the inherent jurisdictional limitations below. There's a couple things that we'd like to rely on. Number one, the fact that there was a specific finding by the justice court that the other party that the plaintiff in this matter had alleged was similarly situated to him for purposes of his class of one claim, although he does not identify it as such, that that party was actually not similarly situated. There was, in fact, a mistake made by a city planner years before that required this other party to apply for the same type of permit in error, and that was discovered. That was all aired in the justice court, to my knowledge. So there are two primary things here. Number one, the fact that there were no similarly situated parties, as was alleged, for discrimination purposes. But what if he were to raise a 1983 action now? And I don't know what all his theories are exactly, but what if he were to raise a 1983 action to say that the city was discriminatory in treating, in giving, in making them different? As I understand it, Richard's Produce back in 2000 was given some sort of an exemption. Why can't he have a claim that even though they were not similarly situated, that that in and of itself was discriminatory? Bear in mind, here's a better question for you, actually. Do we have any grounds to just rule that the claims lack merit and affirm the district court on grounds other than what the district court already found here? Could we just dismiss and say that the substantive claims don't have any merit? Yes, Your Honor. Our position would be that there are actually several different grounds beyond preclusion and abstention doctrines that it would be appropriate to dismiss this case. There simply was no underlying constitutional violation. And to get back to your original question. I agree with that. But the question is, in my view, the question is whether there's preclusion here, whether the issues were exactly the same that were decided by the state court and the federal court. Yes, Your Honor. The issues, in fact, were exactly the same. The concern about making these two parties not similarly situated for purposes of discrimination was largely the topic of the underlying state court proceeding. Most of what was litigated there was, is Richard's produce similarly situated? And if not, how did we get there? Well, yeah, but I don't see the state. That's my problem with the preclusion argument, is I don't see the state. I do see the state saying they're not similarly situated. I don't see the state saying that there was an improper, or there was no improper basis for making them not similarly situated. I believe it's difficult to find, Your Honor, but it actually is included in the factual findings from the justice court. Specifically, there was a finding that the city was under the impression, before it determined that Richard's produce was in fact permanent, it was under the impression that it would have to require removal of all of these temporary buildings, of anyone operating under a temporary use permit. There's a sentence in those factual findings addressing that specifically, and I believe the justice of the peace referred to it as the key point was that the city thought that it was going to have to enforce this against both parties before discovering that the other entity was in fact not similarly situated. Okay, all right, thank you very much. We will hear from your colleague. Good morning, Your Honors. Jonathan Hood, attorney for Defendant Gorib. I want to clarify the letter that I submitted. There seems to be some confusion regarding the statute that I cited. So when the city enforces an ordinance, it can go one of two ways. It can go a civil procedure route, or it can go through a violation proceeding. A violation proceeding follows criminal procedural rules, and that's where the statute that I cited comes into play. The other route that it can go is through a civil proceeding, and that seems to be the case that's been made at both the district court and here. Plaintiff's counsel submitted a response letter yesterday where he says that, yes, the Justice Court proceeding was civil and not criminal. So we're over here. The statute that I cited doesn't apply here. I'm sorry. Your position is that it's on the civil side or the criminal side? Civil, civil proceeding. That's how this case has developed, and the parties have not briefed or argued anything related to a violation proceeding in this case. So you're saying that the statutes you cited in the 28J letter relate only on the criminal side? Correct. So they're not relevant to our? Yes, I apologize for your confusion. Let me just say, first of all, I commend you for bringing those statutes to our attention. I will say that at least my law clerk looked at them, and they did seem to have bearing on our case. You're now saying you brought them to our attention but now want to make clear that actually they have nothing to do with our case? Correct, Your Honor. There's some language in the briefing, in the city's briefing, stating that the Justice Court proceedings were a violation case, and there are separate procedural rules for a violation case, and that issue hasn't been briefed at all. And plaintiff's letter yesterday stated that, no, these proceedings were civil proceedings, not the criminal ones. That doesn't change the arguments you make, does it? No. So the arguments remain the same. That's the only thing I was trying to make sure of, because after I received his letter, I got the idea that you trying to say that it might be criminal, he's now saying it never was criminal, so we're back to civil, and that's the way I analyzed it. I just wanted to make sure that's where you are. Yes, Your Honor, that is correct. So we're still on the same arguments, but now for sure in the civil side of the court. Correct, Your Honor. And I want to touch on— Just so I'm clear, because now you've got me confused. On the civil side, issue preclusion can— Yes, Your Honor, and that's what we've briefed. On the civil side, issue preclusion can be used. Not on the civil side. That's okay. Yes, Your Honor. And I want to address Your Honor's question about the Belfry case. Oh, I'm sorry. That was mine. I'm sorry. So the plaintiff had an opportunity in the Justice Court to raise all these issues, and the issue that he raised there in the Justice Court was, was my business discriminated against? He believed that it was, and the Justice Court said that, yes, the plaintiff did believe that he was, but he wasn't actually discriminated against. And he had the opportunity to raise whatever evidence that he wanted. He presented five witnesses, numerous documents, and so if he chose not to bring in Belfry Tower, that was a tactical decision, and it shouldn't affect the proceedings here. But he did bring it in the district court, right? He did talk about Belfry in the federal district court. Correct, Your Honor. But again, on appeal, he did not put Belfry in his appeal. Correct, Your Honor. That's why I understood. Just one last question. We're on the civil side, and this adverse judgment is rendered against him, a fine is imposed. Is there some appeal that can be taken to a higher court? In the civil case? Yes. Yes, Your Honor. Yes, and that's the appeal that we mentioned in the briefing. If I can't remember, I've read it. Yes. A week ago. What court does it go to? It goes to the circuit court, Your Honor. Okay. Not to us, but to the Circuit Court of Oregon. Of Oregon. Okay, very good. Oh, yes, I'm sorry. Thank you. Thanks very much. Let's put a minute on the clock for rebuttal for you. If we wanted to look closely at the documents, we'd see that we did not have an opportunity to review all of those issues or argue those issues during the period of time that this was going on. They brought their witnesses in who were working for the county, and they made these claims that the documents they found, oh, gee, he was made permanent way back then. We didn't realize it. You'll notice the hinky part of the documents and so on. After they testified, I asked the court for more time. They didn't give it to me, and they said, no, this isn't really a big issue anyway. I don't have the rights to make a determination on civil rights. That's not what this is about. We were arguing that he shouldn't, since he was treated differently, he shouldn't lose his building because he was told to get off the property because he wasn't permanent, and they were not going to allow him. They were going to make him remove his building. He was the only one that was ever enforced, and Mr. Green never was. And so we were unable to make those arguments, and the justice court's person said, no, it's not an issue. I can't make that determination. Now they're saying that he could make that determination. And, in fact, we never got that opportunity to argue, and then they were in bad faith. It wasn't until after we got more documents on discovery prior to Judge Coffin making his ruling that we actually found those documents that shows, and then argued what the law was. In fact, they were employing a fraud. They were in bad faith. They were trying to claim, oh, Mr. Green was made permanent. It wasn't true. Look at those records. It's farce. And if we were in federal court, we'd have the opportunity to prove that, including calling in Mr. Green. We couldn't find him at the time. We've found him since. But we have sufficient evidence, I submit, to raise a real issue that those records were fraudulent, and that I argued what the meaning of those records, permanency was, and that that was not a permanency. And they were told by the county court and everybody, hey, I think we did argue that. Well, let's make an exception for Mr. Green. We don't want this to apply to Mr. Green, so go out and do something, and they did. They pulled this farce. We didn't get a chance to review it. It's in bad faith, and they talk about that. And, in fact, if we had repealed it, what would our appeal be? We'd be asking the circuit court to make a finding that the justice court didn't have the authority to make that determination regarding a civil rights case. It's just so confused they couldn't understand it. And, in fact, we couldn't address it. And if we'd said they didn't have the authority, they'd say, oh, that's great. We'd be right back to where we are right now, which is that state statute that says it can't be precluded because in a civil case, whatever he decided was improper. So we have a case now that is incapable of review. All the city has to do is go through this little rigmarole, charge somebody with a fine. And my client was charged for a fine because he didn't remove his building after they excluded him. Said, get your building off there. You're out of here. But Mr. Green didn't have to. And if we get into federal court, in fact, we will make a showing that that was a fraud and that Mr. Green didn't. It was just the way we said it was. It was never made permanent. Okay. Thank you, counsel. We understand your argument. The case just argued is submitted.
judges: N.R. Smith, Watford, R. Nelson